UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HAMLET VIL,

      Petitioner,

v.                                                                    CASE NO. 6:06-cv-1126-Orl-18GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed Aug. 2, 2006). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 15, filed March 29, 2007). Petitioner filed a reply to the response (Doc. No. 19, filed June 27, 2007).

      Petitioner alleges three claims for relief in his habeas petition: (1) his Fourth and Fourteenth Amendment rights were violated because the trial court erred in denying his motion to suppress; (2) his Fourteenth Amendment rights were violated by having to wear jail attire and restraints at his trial and his counsel was ineffective for failing to secure clothing that would not imply guilt; and (3) his due process rights were violated because

the trial court committed fundamental error by not reappointing an interpreter for trial and at sentencing.

## I.   Procedural History

Petitioner is a Haitian national whose primary language is Creole. On February 16, 2002, the State of Florida (the "State") charged Petitioner with one count of capital sexual battery. (App. A at 41.) Petitioner pled not guilty, (App. A at 42), and filed numerous pretrial motions, including a motion to suppress statements he made in an interrogation on the basis that they were elicited in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Defense counsel argued that because the interrogation was conducted in English and not Creole, Petitioner's native language, Petitioner did not understand the *Miranda* rights that were explained to him and thus could not have effectively waived his rights. (App. A at 112-13.) The trial court disagreed with defense counsel and denied Petitioner's motion to suppress. (App. A at 35.)

A trial was held on June 2-3, 2003, and a jury found Petitioner guilty as charged. (App. A at 147.) Subsequently, he was sentenced to life in prison. (App. A at 153-54.) Petitioner appealed his conviction and sentence (App. A at 164), raising one issue: whether the trial court erred by denying the motion to suppress. (App. C at 5.) On January 27, 2004, the appellate court *per curiam* affirmed. *Vil v. State*, 869 So. 2d 572 (Fla. 5th DCA 2004); *See* App. C at 38. Petitioner filed a *pro se* motion for rehearing (App. C at 39), which was denied on March 3, 2004 (App. C at 41). Mandate issued on March 22, 2004. (App. C at 42.)

On December 13, 2004, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion in which he raised seven grounds for relief. (App. D at 1-27.) The state trial court summarily denied the motion on January 17, 2006. (App. D at 28-33.) Petitioner appealed (App. D at 60), and on May 16, 2006, the appellate court *per curiam* affirmed (App. D at 83). Mandate issued on June 2, 2006. (App. D at 84.) Thereafter, Petitioner filed the instant timely action seeking a writ of habeas corpus.

## II.   The Governing Legal Principles

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A.   Standard of Review Under the AEDPA

Pursuant to 28 U.S.C. § 2254(a), as amended by the AEDPA, "a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he in custody in violation of the

Constitution or laws or treaties of the United States." Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

4

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.   Exhaustion and Procedural Default

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i)   there is an absence of available State corrective process; or
>        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  In addition, a federal habeas court is precluded from

considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1. In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotations marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.; see also Henderson*, 353 F.3d at 898 n.25 ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.")

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Henderson*, 353 F.3d at 892. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly

in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

## C.     Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's

adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III.    Analysis

#### A.    Claim One

In claim one, Petitioner asserts that his Fourth and Fourteenth Amendment rights were violated because the trial court erred in denying the motion to suppress his statements which were elicited in violation of *Miranda*. (Doc. No. 1 at 5.)

While the detective was questioning him, Petitioner confessed to committing the crime. (Doc. No. 15 at 1.) Prior to trial, Petitioner's trial counsel filed a motion to suppress in which he argued that "from the transcript of the interrogation conducted it was clear or should have been clear . . . that Defendant did not understand the *Miranda* rights being explained to him and thus could not have effectively waive[d] said rights." (App. A at 112.) He argued that any evidence obtained as a result of the interrogation was done in violation of Florida statutory and constitutional law as well as the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. (App. A at 113.) In his *Anders* brief, Petitioner's court-appointed appellate counsel raised the issue of whether the trial court erred by denying Petitioner's motion to suppress. (App. C at 4-23.) Although afforded an opportunity to do so, Petitioner did not file a *pro se* appellate brief pressing this claim.

Additionally, Petitioner raised this claim in his Rule 3. 850 motion arguing that "[t]he trial court committed fundamental error by allowing . . . Defendant's alleged confession [into evidence] due to the fact that he did not have a translator available . . . during questioning, one was [never] offered [to him], and Defendant could not have made a knowing and intelligent waiver of his *Miranda* rights due to his difficulty with the English

language." (App. D at 23.) He stated that while he was being questioned by detectives, he was "allegedly" read his *Miranda* rights and "allegedly" made a complete confession. However, he did not fully understand the detective and the detective admitted that he had a hard time understanding Petitioner, but a translator was never offered. (App. D at 23.) The state trial court found this claim to be procedurally barred because it "could have been, should have been, or perhaps actually was raised on direct appeal." (App. D at 33.) The appellate court *per curiam* affirmed. (App. C at 38.)

Respondents assert that claim one is procedurally defaulted. In support of this argument, Respondents contend that while the *Anders* brief filed by Petitioner's court-appointed appellate counsel raised the issue of whether the trial judge erred in denying the motion to suppress, the argument portion of the *Anders* brief contained only the standard of review and did not contain any argument. Thus, Respondents claim the argument Petitioner makes in his federal habeas petition is not exhausted. (Doc. No. 15 at 5.)

A petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). "Generally, procedural default can arise in two ways: (1) when the state court applies a state procedural rule to bar consideration of the federal claim; or (2) when the petitioner never raised the claim in state court, but it is obvious that the state courts would hold it to be procedurally barred if it were raised now." *Jenkins v. Bullard*, No. 06-10646, 2006 U.S. App. LEXIS 30762, at *3-4 (11th Cir. Dec. 13, 2006) (citing *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999)).

10

In the instant case, the Court concludes that claim one is exhausted. In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that when appointed counsel moves to withdraw on the ground that the appeal is wholly frivolous, the motion to withdraw should be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* at 744. "[T]he court . . . then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* Under Florida law, this requires, the appellate court to "examine the record to the extent necessary to discover any error apparent on the face of the record." *State v. Causey*, 503 So. 2d 321, 322 (Fla. 1987). In the event that the reviewing court finds any of the legal points arguable on their merits, the appellant and the State are allowed "to submit briefs on issues that the court has found in its independent review to be arguable on the merits." *Causey*, 503 So. 2d at 323. As such, it was not necessary for Petitioner's appellate counsel to fully brief this claim in his *Anders* brief. Accordingly, because the state courts were effectively put on notice of Petitioner's federal claim and allowed to "pass upon" or "correct" this alleged violation, the Court finds that Petitioner has exhausted this claim. *See Duncan*, 513 U.S. at 365; *see also Palacios v. McDonough*, No. 8:06-cv-38-T-24TBM, 2007 U.S. Dist. LEXIS 19034, at *11 (M.D. Fla. March 19, 2007) (holding that the petitioner's claim that the state trial court erred in denying his motion to suppress was exhausted in his motion to suppress, his hearing on his motion to suppress, and on direct appeal of the denial of his motion to suppress). Therefore, claim one will be addressed on the merits.

### 1.    Fourth Amendment

To the extent that claim one raises a challenge under the Fourth Amendment to the United States Constitution, the claim is not subject to federal habeas review. *See Stone v. Powell*, 428 U.S. 465 (1977). The United States Supreme Court has held that federal habeas corpus relief is not available to redress violations of the Fourth Amendment exclusionary rule if the petitioner was afforded a "full and fair opportunity to litigate" the Fourth Amendment issue in the state courts. *Stone*, 428 U.S. at 494. In applying *Stone*, the Eleventh Circuit has interpreted a "full and fair consideration" to require "consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court" when the facts are in dispute. *Mincey v. Head*, 206 F.3d 1106, 1125 (11th Cir. 2000). In the instant case, Petitioner has failed to demonstrate that the suppression hearing conducted by the state trial court and the review of that court's conclusions by the state appellate court did not provide him with the opportunity to fully and fairly litigate his Fourth Amendment claim. A review of the procedures in Petitioner's case shows that he was afforded the opportunity to develop his claim and have it adjudicated in the state courts and thus, he cannot relitigate the same claim here in this federal habeas petition. Petitioner's allegation of state trial court error in denying his motion to suppress is insufficient to avoid the *Stone* bar to federal habeas review. *See Mathews v. Crosby*, No. 8:04-cv-139-T-17EAJ, 2005 U.S. Dist. LEXIS 37872 (M.D. Fla. Dec. 29, 2005).

2.   **Fifth Amendment**

However, to the extent Petitioner seeks to raise a challenge under the Fifth Amendment to the United States Constitution,[2] *Stone* does not bar federal habeas review. As established in *Miranda v. Arizona*, 384 U.S. 436 (1966), the Fifth Amendment right to counsel is intended to protect a defendant from making self-incriminating statements during his arrest or interrogation that might be used against him in the course of subsequent legal proceedings. *Id.* at 478-79. Neither the Eleventh Circuit nor the United States Supreme Court have extended *Stone* to confessions obtained in violation of *Miranda*. *See Jarrell v. Balkcom*, 735 F.2d 1242, 1252 (11th Cir. 1984); *see also Brewer v. Williams*, 430 U.S. 387, 423-28 (1977) (Chief Justice Burger discussed the application of *Stone* to Fifth Amendment *Miranda* claims, but the majority declined to extend it). "While *Miranda* bears certain similarities to the exclusionary rule which may justify extension of *Stone* to [F]ifth [A]mendment *Miranda* claims, no such similarities exist between an involuntary confession and inadmissible evidence under the exclusionary rule." *Jarrell*, 735 F.2d at 1252.

In *Miranda*, the United States Supreme Court held that when an individual is in custody and subject to questioning, procedural safeguards must be employed to protect the privilege against self-incrimination. 384 U.S. at 444-45. Thus, prior to questioning, the

---

[2] Although Petitioner does not state his claim in the context of a Fifth Amendment violation, because his claim involves a challenge to the admissibility of his statements allegedly elicited in violation of *Miranda*, the Court will presume that Petitioner is seeking to raise a challenge under the Fifth Amendment. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that courts should liberally construe the motions of pro se petitioners).

individual must be advised of 1) his right to remain silent, 2) that anything he says can be used against him in a court of law, 3) that he has the right to the presence of an attorney, and 4) if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires. *Id.* at 444. While the individual may knowingly and intelligently waive these rights, unless such warnings and waiver thereof are demonstrated, no evidence obtained as a result of the interrogation may be used against the individual. *Id.* In order for the waiver to be valid, the relinquishment of the right must have been voluntary in the sense that it was the product of a free individual choice rather than intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). It also must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. *Id.* "[L]anguage may in some instances impair an individual's ability to waive his rights in a knowing manner." *United States v. Boon San Chong*, 829 F.2d 1572, 1574 (11th Cir. 1987).[3] However, a court may properly conclude that *Miranda* rights have been waived "[i]f the totality of the

---

[3] *See United States v. Heredia-Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985) ("[L]anguage difficulties may impair the ability of a person in custody to waive [*Miranda*] rights in a free and aware manner."); *United States v. Short*, 790 F.2d 464, 469 (6th Cir. 1986) (holding defendant's language difficulties and lack of understanding regarding the United States criminal justice system rendered her waiver of *Miranda* rights invalid); *but see, e.g.*, *United States v. Bernard S.*, 795 F.2d 749 (9th Cir. 1986) (finding a sufficient waiver of *Miranda* rights by a Native American with limited English skills) (disapproved on other grounds in *United States v. Dozier*, 826 F.2d 866 (9th Cir. 1987)); *Campaneria v. Reid*, 891 F.2d 1014, 1020 (2nd Cir. 1989) ("Even though [defendant's] proficiency in the English language may have been limited, it did not prevent him from making a knowing and intelligent waiver of his constitutional rights.") (disapproved on other grounds in *Pearson v. Ercole*, No. CV-06-5315, 2007 U.S. Dist. LEXIS 54053 (E.D. N.Y. July 24, 2007)).

circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension. . .." *Moran*, 475 U.S. at 421 (citations omitted).

Although the ultimate question of whether the trial court erred in denying Petitioner's motion to suppress is subject to review under the standards set forth in 28 U.S.C. § 2254(d), any subsidiary factual findings made by the state court are entitled to a presumption of correctness under section 2254(e). *See* 28 U.S.C. § 2254. Whether a suspect in custody has been informed of his *Miranda* rights is a question of fact, which underlies the legal question of whether his waiver was knowing and intelligent. *See Mincey*, 206 F.3d at 1131.

In this case, the Court presumes the state trial court's findings of fact following the suppression hearing are correct because the state court held a "full, fair, and adequate hearing" on Petitioner's claim, and the record before us supports the state trial court's findings of fact. *See id.* Thus, this Court will presume that the state trial court's finding that Petitioner was informed of his *Miranda* rights when he spoke with the detective is correct unless Petitioner presents clear and convincing evidence to the contrary. *See* § 2254(e)(1). Petitioner has not offered any additional evidence that was not presented at his hearing on the motion to suppress in order to refute the trial court's finding. Instead, he merely states that he "did not fully understand the [E]nglish that was spoken to him." (Doc. No. 1 at 5.) After reviewing the record, and specifically the transcript of Petitioner's hearing on his motion to suppress, the Court is unable to conclude that the trial court's findings were unreasonable in light of the evidence presented.

The Court must now assess this claim under the standards set forth in 28 U.S.C. § 2254(d). Although this claim was presented to the state appellate court, which rejected it without any discussion, the Court is required to give deference to it as an adjudication "on the merits" under section 2254(d). *See Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002) (holding "the summary nature of a state court's decision does not lessen the deference that is due"). Therefore, federal habeas relief may not be granted unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

Petitioner has not cited to any case in which the United States Supreme Court reached a different decision on a set of materially indistinguishable facts, and this Court is unaware of any. Further, a review of the record indicates that the state trial court applied the correct standard when deciding whether Petitioner waived his *Miranda* rights and voluntarily confessed.

Both Florida law and the Fifth Amendment privilege against self-incrimination require the Government to prove the voluntariness of a defendant's statement by a preponderance of the evidence. *See Balthazar v. State*, 549 So. 2d 661, 662 (Fla. 1989); *see also Missouri v. Seibert*, 542 U.S. 600, 609 n. 1 (2004). At the end of the suppression hearing, the state trial judge stated:

16

> . . . I think that the preponderance of the evidence shows that he did
> understand what he was - - what he was doing when he talked with the
> police officer, and now that he's facing it, he's trying to weasel out of it. I will
> deny the motion to suppress.

(App. C. at 35.) Therefore, this Court cannot say that the state courts' decisions were
contrary to clearly established Federal law. Moreover, the Court does not find that the trial
judge unreasonably concluded that the State met its burden of proof or came to a decision
that was based on an unreasonable determination of the facts. The evidence established
that Petitioner lived and worked in a predominantly English speaking part of the United
States for approximately seventeen years. When he was questioned by the detective,
Petitioner never expressed that he needed or wanted an interpreter. He also testified at
both his hearing on the motion to suppress and at his trial without an interpreter and
showed little signs of difficulty with the English language. Accordingly, the Court finds
that claim one is without merit.

### B.    Claim Two

#### 1.    Part A

Petitioner asserts that his Fourteenth Amendment rights were violated because he
was required to wear jail attire and restraints during his trial. (Doc. No. 1 at 6.) In
Petitioner's Rule 3.850 motion, he argued that he was denied a fair trial when all parties did
not comply with his wish to wear civilian clothes at trial. (App. D at 8.) In denying this
claim, the trial judge stated that "claims of trial court error or prosecutorial error" should
have been raised on direct appeal, and because Petitioner had not raised this claim on
direct appeal, it was procedurally barred from being raised in his motion for postconviction

relief. (App. D at 29.) The Fifth District Court of Appeals *per curiam* affirmed the state trial court's decision. (App. D at 83.) Pursuant to *Harmon v. Barton*, a *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. 894 F.2d 1268, 1273 (11th Cir. 1990). Thus, due to Petitioner's procedural default, he is barred from raising this claim on federal habeas review.

Petitioner argues that his procedural default should be excused on the basis that he is asserting actual innocence. (Doc. No. 19 at 4.) However, Petitioner has not "show[n] that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup*, 513 U.S. at 327. In fact, he has not presented any evidence whatsoever in support of his assertion of actual innocence. He has merely stated that he is "asserting 'actually [sic] innocence' and that the procedural default [should] be excused." (Doc. No. 19 at 4.) This conclusory allegation falls woefully short of establishing factual innocence.

### 2.    Part B

Additionally in claim two, Petitioner asserts that his counsel was ineffective for failing to secure civilian clothing for him to wear at trial. (Doc. No. 1 at 6.) Petitioner raised this claim in his Rule 3.850 motion arguing that his counsel was ineffective in not complying with his request to wear civilian clothing. (App. D at 10.) In support of this claim in his Rule 3.850 motion, Petitioner contended that his sister brought clothes to the jail for him to wear. (App. D at 8.) However, prior to trial he was given a form to sign and

check whether he wished to wear civilian or jail clothing. Petitioner signed the form but stated that he was told to simply sign it and not to indicate his preference. He argued that he did not check the box which indicated he wished to stand trial in jail clothing; however, he stated the box may have already been checked before he signed it or he may have checked it inadvertently due to his difficulty with the English language. (App. D at 8-9.)

Respondents argue this portion of claim two should be dismissed as facially insufficient because Petitioner (1) "fails to allege and prove both deficient performance and prejudice," (2) "fails to allege with specificity what counsel should have done in light of the fact that [he] signed a form indicating that he wanted to wear jail clothing," and (3) "fail[s] to allege how [he] was prejudiced in light of the overwhelming evidence of his guilt, which included DNA evidence and [his] confession." (Doc. No. 15 at 9.)

Petitioner raised his ineffective assistance of counsel claim in his Rule 3.850 motion, and the claim was considered and rejected on the merits by the state court. Therefore, federal habeas review is circumscribed by § 2254(d). In assessing Petitioner's claim, the state trial court correctly identified the governing legal principle set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See* App. D at 28. Further, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent. Thus, the only issue is whether the state court's application of *Strickland* was objectively unreasonable.

In rejecting Petitioner's claim that his counsel was ineffective, the state trial court held:

> [A]t the conclusion of the trial, immediately after the jury retired to begin deliberations, the Court asked Defendant if he was satisfied with the services counsel had rendered, and Defendant replied, "yes, sir." Thus, when given the opportunity to complain that counsel did not allow or arrange for him to stand trial in civilian clothes, he did not do so. The Court concludes that this is sufficient to refute his claim that counsel did not comply with his wishes.

(App. D at 29) (internal citations omitted). The Court finds that the state court's rejection of this claim is amply supported by the record and is objectively reasonable. Accordingly, Petitioner cannot prevail on this claim.

### C.    Claim Three

In claim three, Petitioner alleges that the trial court committed fundamental error and violated his due process rights when it provided him with an interpreter during preliminary proceedings, but did not reappoint an interpreter for his trial and sentencing. (Doc. No. 1 at 8.)

Petitioner raised a portion of this claim in his Rule 3.850 motion asserting that "[t]he trial court committed a manifest injustice . . . when [it] refused to appoint a creole interpreter . . . at trial proceedings." (App. D at 11.) He argued that he had multiple problems understanding the trial proceedings, and the state court should have conducted a hearing to determine whether or not a translator was necessary. (App. D at 11-12.) In denying this claim, the court concluded that a claim of trial court error should have been raised on direct appeal, and therefore, was procedurally barred from being raised in a Rule 3.850 motion. (App. D at 30.) The appellate court *per curiam* affirmed this finding. (App.

D at 83.) Because Petitioner did not raise this claim on direct appeal, his procedural default in state court bars him from raising this claim on federal habeas review. *See Harris*, 489 U.S. at 262 (holding that a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering judgment in the case clearly and expressly states that its judgment rests on a state procedural bar); *see also Ylst*, 501 U.S. at 803 ("where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment will be presumed to rest upon that same ground); *Harmon*, 894 F.2d at 1273 (a *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts). Accordingly, this portion of Petitioner's claim is procedurally barred.

Petitioner also argues that the trial court committed fundamental error by not appointing an interpreter at his sentencing. (Doc. No. 1 at 8.) Petitioner raises this portion of claim three for the first time in his federal habeas corpus petition. Therefore, this portion of claim three is not exhausted. However, Petitioner would be barred from now raising this claim in state court. Accordingly, Petitioner is procedurally barred from raising this portion of claim three on federal habeas review. *See Coleman*, 501 U.S. at 735 n.1 (when a petitioner fails to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find his claims procedurally barred, then there is a procedural default for purposes of federal

habeas regardless of the decision of the last state court to which petitioner actually presented his claims).

To the extent Petitioner is asserting that his procedural default should be excused on the basis that he is "actually innocent," for the reasons discussed in connection with part A of claim two, the Court finds that he has not demonstrated such innocence. *See supra*.

## IV.   Conclusion

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1, filed Aug. 2, 2006) filed by Hamlet Vil is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court is directed to close this case and to enter judgment accordingly.

**DONE AND ORDERED** at Orlando, Florida, this _14_ day of April, 2008.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 4/10
Counsel of Record
Hamlet Vil

22